UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| JOHN ROYAL, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | CAUSE NO. 3:16CV720-PPS |
|  | ) |  |
| SUPERINTENDENT, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

**OPINION AND ORDER**

John Royal, a *pro se* prisoner, was found guilty by a hearing officer of use and/or possession of a cell phone and was docked 90 days of good time credit as a result. In his petition, Royal identifies four grounds for relief which I will take up in turn below.

In Ground One, Royal argues that the IDOC violated its own policy during his re-hearing because his requested witnesses were interviewed between his first and second disciplinary hearings. [ECF 1 at 2.] This argument goes nowhere because IDOC's failure to follow its own policy does not rise to the level of a constitutional violation. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief"); *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (finding that inmate's claim that prison failed to follow internal policies had "no bearing on his right to due process"). Royal had a due process right to request witnesses in his defense, and this right was satisfied during the re-hearing. To the extent that Royal's argument relies on a theory of double jeopardy, that principle is not applicable in the disciplinary

1

context. *See Meeks v. McBride*, 81 F.3d 717, 722 (7th Cir. 1996). Therefore, Ground One is denied.

In Grounds Two and Four, Royal challenges the sufficiency of the evidence. [ECF 1 at 2; ECF 1-1 at 1.] Specifically, in Ground Two, Royal alleges that the video evidence proves that the reporting officer could not have seen what he claims to have seen because he was not close enough to the cell. [ECF 1 at 2.] In Ground Four, Royal claims that there was insufficient evidence because there was no physical proof of his possession of a cell phone. [*Id.*] In the disciplinary context, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted). The standard of review is a lenient one in this context. The review is so light that it has been described as "meager." *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted). Even a Conduct Report alone can be sufficient evidence to support a finding of guilt. *McPherson*, 188 F.3d at 786.

The hearing officer had sufficient evidence to determine that Royal violated IDOC A-121 which prohibits "[u]nauthorized use or possession of any cellular

telephone or other wireless or cellular communications device." Adult Disciplinary

Process, Appendix I: Offenses.

 http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf.

Here's what the Conduct Report says took place: "On 7/14/16 at approximately 10:15

am Sgt Reed and I Ofc Westman went to conduct a shakedown of Offender Royal

902641 cell B205. When we told Offender Royal to shakedown he flushed a black cell

phone down the toilet." [ECF 4-1 at 2.] The hearing officer considered staff reports,

witness statements, and the surveillance video. [ECF 4-5 at 1.] The reporting officer,

Officer Westman, and Sgt. Reed, were both present at the time of the incident, and both

reported to the hearing officer that they saw Royal flush a black cell phone down his

toilet. [ECF 4-5 at 3-4.] This is, of course, some evidence that Royal possessed a cell

phone. It is not the province of the court to re-weigh the evidence considered by the

hearing officer. *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). But if I were of the

mind to re-weigh the evidence it's worth pointing out that in Royal's Screening Report

and his first administrative appeal, he claimed that he was holding a cigarette, not a cell

phone. [ECF 4-1, at 3; 4-6 at 5.] Yet in his petition, Royal changes his story and claims

that he was holding a remote control, not a cell phone. [ECF 1-1 at 1.] In any event, there

was more than sufficient evidence to find Royal guilty of the charged offense.

In Ground Three, Royal argues that the hearing officer was not impartial.

According to Royal, the fact that the hearing officer in his second hearing conferred

with the hearing officer from his first hearing violated his right to an impartial

decision-maker. [ECF 1 at 3.] Royal claims that the first hearing officer spoke to the second hearing officer and instructed her to collect the witness statements that Royal had requested during his initial screening. [*Id.*] Ground Three does not identify any due process violation. In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Here, there is no evidence that the hearing officer was dishonest or biased. The fact that the hearing officer conferred with the prior hearing officer regarding the need to collect evidence that Royal himself requested is not sufficient to establish bias in this context. To the contrary, this conversation suggests that the hearing officers conferred with one another to insure that all of Royal's evidence was considered during the re-hearing. [ECF 1 at 3.] Therefore, Ground Three is denied.

ACCORDINGLY:

For the reasons set forth above, John Royal's petition for writ of habeas corpus [ECF 1] is **DENIED**.

The clerk is **DIRECTED** to close this case.

**SO ORDERED**.

ENTERED: June 8, 2017.     /s/ Philip P. Simon
     Judge
     United States District Court